Good morning. May it please the Court. I am Jeremy Friedman. I have the honor to appear before you today on behalf of the Relators in this case. That's Patricia Haight and In Defense of Animals. I had planned to address the merits first and then address the 4A5 motion second. And I'll try to reserve five minutes for rebuttal. I'd appreciate your getting right to the jurisdictional issue because that's really the gorilla in the room. We can't get to the merits if this came too late. Okay. I think we all agree on this panel that that's the issue. Go to it. Okay. That's why I started that way to ask whether the Court wanted to hear it in a different way. So I'm glad. The Rule 4A5 jurisdictional extension is what's at issue here, whether or not this Court has the authority to grant the 30-day Rule 4A5 extension. Relators are entitled to it, is our position. The appeal, when it was filed in this case, was timely filed. Haycock had been the Ninth Circuit law and had been the law of this circuit for at least a decade. And it did not become an issue until the June of 2009 when Eisenstein retroactively shortened the filing time period. What authority do you have for the proposition that this Court can grant such an extension? Okay. We set forth six of them in our briefs. The most important is the first one, which is Rule 26B. Rule 26B specifically says that this Court can extend deadlines. It cannot extend the deadline for filing of the notice of appeal except as authorized under Rule 4A5 or under Rule 4, which includes the time extensions that are listed. Both Rule 4A5 and Rule 4A6 are two time extensions. Now, the committee would not have said except as authorized if this Court was not authorized. What it would have said is this Court cannot extend the time limit for filing notices of appeal. Well, the Rule 26 doesn't necessarily refer to this Court. It refers to court-extended. No, it's my understanding that Rule 26 is in the, Your Honor, is in the Federal Rules of Appellate Procedure, and it is talking about the Court. And, in fact, Rule 26 preceded the Rule 1979 amendments to Rule 4A5. And the statute 2107C did not come into existence, well, wasn't amended until 1991. And I've put forth some of the legislative history or the history of the rule and the statute. A lot of it was taken from Wright and Miller, which has a very good discussion. These rules, it's not an enabling statute. The rules came first and then the statutes came later. But 4A5 itself says that the district court may extend the time. There are other portions of Rule 4 that Rule 26B could be referring to, but 4A5 specifically gives the district court that authority. And the other issue is who decides whether excusable neglect or good cause is shown and that sort of thing. Isn't that district court work? Well, Your Honor, under 26B, actually, this Court does have the power to find good cause if the issues are presented. When Rule 26B first came about, it had to bring you had to bring a motion pursuant to Rule 27. And that's what we've done here. We've brought a rule, a motion pursuant to Rule 27. This Court has the ability, the mechanisms, the procedures to take evidence on whether or not we're entitled to this jurisdictional extension. There's nothing in Rule 4 anywhere that says the power of the appellate court to make that extension. That's the silence that's presented to the public. Well, it's not silent if you start at the beginning where it says the district court may. Right. That tells you who may. Yes, Your Honor. Rule 4 is only talking about the district court. Rule 26 allows this Court to extend the time for filing the deadline as authorized under Rule 4. And the position here is that the reason why Rule 4 talks about the power of the district court is because before you file a notice of appeal, there's no proceedings in the appellate court. Once you have a notice of appeal on file, in fact, we had proceedings here, extensions of time for filing of the briefs, there was additional briefing on fees motions below, and once there is a proceeding in the appellate court, there's nothing in the rules, nothing to stop this Court from hearing a Rule 26b motion to extend the time to filing the deadline as long as it's authorized under Rule 4. Rule 4a, our position that the statement of the district court in there is not a limit on this Court's authority to grant the Rule 26, and if you look at the legislative history of the rules, this Court's authority to grant these kinds of extensions preexisted this 1979 change in the rule. Also, there is the — and it wouldn't make sense, why would the rule, why would Rule 26b say, except as authorized, unless it was authorized? In fact, if you look at the 1979 change in the statutes, in the rule, I'm sorry, it didn't get codified until 1991, those changes about filing in the district court within a certain time period, that had to do with the problem that this — that this Court confronted in Self and that Judge Friendly addressed in the Orbitek case, and that is, when you don't file a notice of appeal, you simply file a motion in the district court, and then after the 30 days is run, then the court grants permission to — to file a late appeal, but you didn't have your late appeal notice on file yet. So the statute was — the rule was changed, and later codified in the statute, to allow either a 30-day extension from the end of the period, so you have a grace period of 30 days, or up to 10 days after the time that the district court grants the motion. All of the 1979 — post-1979 cases that look at whether or not a notice of appeal can be deemed a motion for an extension, they're only looking at Rule 4. And I — I read a lot of those cases, as many as I could, and I did not see a single case that addresses and concludes that this Court does not have the power to grant a Rule 4a-5 extension. I believe it's an issue of first impression for this Court, and I think it's a very important one. I'm surprised it hasn't been addressed previously, but it's clear that this Court had to do that. In this case, in which we held that authority to grant extensions under Rule 4a-5 is limited to the district courts. In Reho Granches, did not have a motion pursuant to Rule 26. None of these cases had a motion pursuant to Rule 26. Well, regardless of the motion, it — it simply said we can't do it. Authority is limited to the district court. That — that seems like a pretty square holding. Well, Your Honor, it's not a holding that addresses the issue that's before you today, because this case has a motion, and that case did not. But it — but it has a holding about who has the authority to grant anything under 4a-5, with or without a motion. After Reho Granches, the — in 2006, I think, this Court said in the Alvarado's case that it was still an open question, and that — that it would appear from Rule 26 that you would have the authority, but when you look to Rule 4, it's silent on the power of the — on the appellate court. It only talks about the district court, and so we have to leave this open for another day. If, in fact, Reho Granches was a final word on that, then — then the 2006 Alvarado case would not have said it's still an open question. And no matter what, the — in these circumstances, when you have a retroactive change of a filing deadline, which would cut off the — the rights of these parties to have their day in court, and — Well, it's not — it's not — I'm not sure retroactive is really quite right in the sense that the Supreme Court, I think, thinks that it's saying what always has been, and that we got it wrong. Well, there's no question that the Supreme Court justices did understand this to be a retroactive change. They had to apply it. Because they applied it to their pending case, they were very concerned about whether or not it would have this retroactive effect. Now, I'm not questioning Eisenstein. We have to live by that. That's the rule of the Court. But Eisenstein did not address the Rule 4A5 extension. It did not say whether or not the Court would have jurisdiction. This Court has the jurisdiction to determine its own jurisdiction, and it has the ability to extend the guidelines consistent with Rule 4A. If the problem is, is that there was no motion in district court, and that this Court believes that there has to be a motion in district court, it would be elevating the procedure well over the substance that is in this procedural rule, the substance that, at least for 30 days, that this Court should — that the Court should be able to have a jurisdiction, because parties are put on notice that the appeal is — is coming. And if we need a rule to do that, in addition to the other things that we suggest, which is the unique circumstances, which still survives as long as you're just getting to the jurisdictional deadlines, and you don't pass those jurisdictional deadlines, and also deeming the notice to be a motion, which would be perfectly acceptable here. In fact, in the Chapman case, they cite the Haycock case in their notice of appeal. But the best authority is Rule 2. Rule 2 says that the Court can waive any of the rules' requirements except the time limits excluded by Rule 26b.  except the time limits excluded by Rule 26b. Sotomayor, if yours had been the case that had gone to the Supreme Court instead of Eisenstein, wouldn't you be out of court? Well, if my case had gone — if this case had gone, and it still might go up to the Supreme Court, depending on what happens here, we would not have been in this situation at all, because the Eisenstein Petitioner didn't even argue these issues of retroactivity and did not raise the problem that caused problems to all the four of the justices on the bench, which is, what about in those jurisdictions where you had pending law, where you had acceptable law that gave parties 60 days to file the motion, to file the notice? So if we had gone up to Eisenstein, I don't know what the results would have been, and it might still. But we're living with Eisenstein. I'm not asking that this Court ignore it. In fact, I think it helps us, because in many ways what the Court did is that it said that only looking at how we're going to deal with the rule in front of us, and we're not looking at these more difficult constitutional questions that arise when you retroactively change deadlines on people. That's the issue here before you. If I could just say, though, on Rule 2, Rule 2 does not say that the Court has no ability to waive any requirements in Rule 4. Rule 2 only addresses the ability of the Court to waive, to change the time limits of Rule 4. And we're not asking for any changes in any time limits. We are only asking that the Court waive the requirement that there be a motion in the district court, a motion that nobody expected there to be. Did you want to save a little bit of time before we vote on it? Yes, I would. Thank you. Thank you. Daniel Daneman, counsel for the Appellees. The Court's analysis with respect to the jurisdictional issue can start with Pettivone v. Kup, where this panel or, excuse me, where this Court said in 1981 that Rule 4A5 precludes treating a notice of appeal as a motion for extension of time to appeal. That case says that what Mr. Friedman filed here on the 51st day, a notice of appeal cannot be treated as a motion for an extension of time under Rule 4A5. In 1986, this Court in Alaska Limestone Corporation v. Hodel said the time for filing a motion for extension of time is itself mandatory and jurisdictional. Now, there are a number of cases, starting with Pettivone in this circuit, that say you cannot treat that notice of appeal filed on the 51st day as a motion for extension of time, and ten other circuits agree with that. Because of the sort of the unusual way in which this issue and the Eisentain decision arose, let me remind the panel that the Appellees filed a response to the Appellant's supplemental brief in or filed or asked for leave to file that in July. The Court granted that in September. And all of these cases are cited in that document. You know, what is troubling, and I speak only for myself, obviously, what's troubling here is that these parties followed the rules as this Court had laid them down to the letter. They did everything right and nothing wrong, as far as anybody knew, at the time they did it. And it just, it strikes me as deeply unfair to knock them out of the box. And that may be what is required, but I don't know, I'm not even sure there's a reason to say, is there something so unfair about it that there would be an exception. The Court's concern is understandable. The Supreme Court, however, has clearly articulated most recently in Bowles v. Russell in 2007 that this Court's jurisdiction is a creature of Congress. There is a statutory limit under 28 U.S. Code section 2107 that imposes mandatory and jurisdictional limits, even when, as in Bowles v. Russell, that particular Appellant was misled or misdirected by a district court judge. So whether it's a district court judge doing something that misleads an Appellant so that his appeal is still out of time, or it's a panel of this Court, the Supreme Court in Bowles v. Russell made it very clear that the Court has no authority to create equitable exceptions to jurisdictional requirements. The unique circumstances doctrine, which has sometimes been embraced by this Court, was rejected. And the two cases, I should note that the two cases that Appellants rely upon as suggesting that somehow this long line of cases that exist in this circuit and others should be ignored are Amalgamated Transit Union Local 1309 and Bowles v. U.S. Trustee. Neither of those cases involved 28 U.S. Code section 2107 or Federal Rule of Appellate Procedure 4. And in both instances, both panels said they could they both involved the timeliness for permission to appeal under Rule 5 of the Federal Rule of Appellate Procedure. And in both instances, the panel specifically said they could rely on a, you know, Federal Rule of Appellate Procedure 2 waiver of the rules, in effect, because the panels were merely construing this Court's own rules and what as to what constitution constitutes a permission to appeal. Specifically, both panels said they were not improperly extending the time for filing a petition for permission to appeal. Your Honor, in footnote 4 in the Eisenstein case, the unanimous Supreme Court on June 8th noted that the Court must nonetheless decide the jurisdictional question before it irrespective of the possibility of harsh consequences, and this panel has the same task. Thank you very much. Thank you. Roberts, I appreciate your sentiment that it is a deeply unfair, and in fact, I would ask that all of the courts see that it's not just a question of whether things are harsh or unfair. We have a constitutional right to be able to present our case. We've been prepared, or not we, but the relators in this case have been working on it for nine years, following every rule that we could possibly know to apply to us to get our day in court, to have the merits of this case heard. And what we're asking for is not something beyond that is already accepted in the jurisdictional statutes. To the extent that Rule 4a.5 provides a jurisdictional extension, all we're asking is that this Court have the power to grant it, and to avoid the constitutional problems, we suggest that it has to be within the Court's power, and not just ethereally. It's there in Rule 26b, it's there in Rule 2. Those are specific things, rule-based basis for this Court to do what's the right thing in this case. In addition, this Court has precedent for recognizing notices of appeal to constitute motions. They did it recently in Amalgamated, and they did it prior to the 1979 amendments. All the courts did it prior to the 19- Kennedy, why did we do what we did in Pettibone v. Kupfer then? It seems like if we had the power to grant those extensions, why would we have contorted ourselves to consider whether a notice of appeal could be considered a motion and then decide that it couldn't be? I've asked that question, Your Honor, and I'm not too sure why it is. I think it's because the courts that have looked at this issue have not looked at 26b. They've just been rule-bound on Rule 4, and that makes sense. Courts are looking at the rules, just like we are today, and you see the word district court there. But that doesn't end the question. There is the question about whether this Court has the power, and how could it not have the power to extend consistent with Rule 4 when Rule 26b says it? It says it has to accept as authorized, and it wouldn't have said accept as authorized if it didn't exist. I think the important thing here is relates to what Mr. Danneman said about Bowles. In Bowles, the Supreme Court was asked to accept when the district court had said you can have 17 days in this reopening period. But you can read Rule 4, and you can see that Rule 4a.6 doesn't give you 17 days. At most, it gives you 14 days. So what the Petitioner was asking for in Bowles, and it had four of the justices agreeing with it in the dissent, was just allow us to get a few extra days beyond what's in that Rule 4, because that's what justice requires. That's not what we're asking for here. We're asking for the other. Kagan. Well, it is in a way, because you didn't fulfill the time requirements of Rule 4a.5 either. Yes, we did, Your Honor. How do you count it so that you can see it? Because the 30 days that are provided in Rule 4a.5 is all we're asking for. Rule 4a.5 has two components. A good cause to ask before the time runs out, I thought, or within anyway, did you ask five months later if you if we follow your line of reasoning? Isn't that too late? No, Your Honor, it's not, because the issue is that the notice was filed during the grace period. So defendants were put on notice that this was going to be appealed. Everybody knew that we actually had jurisdiction at the time. When we filed our motion with this Court, the law was in this circuit that we did have 60 days. So we — in terms of the substance of Rule 4, there is the good cause requirements. We clearly meet it. There's the 30 days extension from the time — the last time at that period. We clearly meet that. The only thing we don't have is a motion in the district court. And to say that the motion in the district court is the jurisdictional requirement flies in the face of Rule 2 and flies in the face of Rule 26b and would violate our constitutional rights. Thank you, counsel. We appreciate your arguments. This is a very interesting conundrum, and you both argued very well. The case just argued is submitted, and we will take about a 10-minute recess.
judges: Fletcher B. , Canby, Graber